**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JAMES AUTRY RAZZI,**

    **Plaintiff,**

**v.**                                                                                        **Case No: 5:14-cv-447-Oc-22PRL**

**ROBERT NIMLER**

    **Defendant.**

**REPORT AND RECOMMENDATION**[1]

This matter is before the Court on Plaintiff's Complaint (Doc. 1) and Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff, a Florida resident proceeding *pro se*, is attempting to sue Defendant Robert Nimler[2] for identity theft and fraud. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* should be denied and the Complaint should be dismissed.

    **I.    Requests to Proceed *In Forma Pauperis***

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiff named Robert "Nimler" as Defendant, but some of Plaintiff's handwritten references appear to state Defendant's last name as "Himler." For the purposes of this Report and Recommendation, the Court refers to Defendant as Mr. Nimler but construes references to both "Nimler" and "Himler" as referring to Defendant.

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 at 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

**II. Discussion**

Plaintiff alleges that his identity was stolen "since 2009 – 2010 – 2012," and that various parties, including Defendant, "distributed [his] investments, endorsements, [and the] identity of [his] street name: 'razzi!'" (Doc. 1, p. 2). Specifically, Plaintiff states that: he has proof of a murder but has not informed anyone of the crime; someone is trying to kill him; and he is trying to relocate his family to protect them from "guys that's trying to kill [him]." (Doc. 1, p. 2-3). Plaintiff further explains that he purchased a car at Jenkins Mazda dealership to facilitate his family's departure from the dangerous area. Plaintiff alleges that Matt Gianikas, a finance manager, hacked into his bank account for "his friend Robert Nimler … the identity theft/fraud scam hacker" and now "holds[s] [his] car with tag/insurance." (Doc. 1, p. 3-4). Plaintiff alleges that Gianikas and Defendant performed this act in order to trap Plaintiff in Ocala so he "can get killed on the streets before word gets out … about the scams, fraud, identity." (Doc. 1, p. 4). In a supplemental filing, Plaintiff refers to a "Robert Nimler Identity Theft Association", but does not clarify or explain his allegations, if any exist, against that entity. (Doc. 3, p. 4). Although

Plaintiff mentions various individuals throughout his complaint and supplemental filings, he names only Mr. Nimler as a defendant in this action.

At the most fundamental level, it does not appear that this Court has subject matter jurisdiction in this case. In his rambling complaint (Doc. 1) and two similarly disjointed supplemental filings (Docs. 3-4), Plaintiff fails to allege any basis for this Court's jurisdiction. Plaintiff's complaint does not specify any federal statutes which would confer jurisdiction upon this Court, nor does the complaint identify the citizenship of the parties or an amount in controversy of at least $75,000, which might confer diversity jurisdiction. At best, Plaintiff's Complaint attempts to state claims for identity theft and fraud.[3]

To the extent that Plaintiff attempts to state a claim for identity theft, he fails to identify a basis for this Court's jurisdiction. The federal identity theft statute,[4] the Identity Theft and Assumption Deterrence Act of 1998, 18 U.S.C. § 1028, is criminal in nature and provides no civil cause of action or civil remedy. *Smith v. Mutual Sav. Life Ins.*, 3:14-CV-96-RS-CJK, 2014 WL 2991091, at *2 (N.D. Fla. July 2, 2014) (citing *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302-03 (E.D.N.Y. 2004) (dismissing identity theft claim because 18 U.S.C. § 1028 provides no private cause of action)); *see also Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) ("It is also a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists."). Moreover, Plaintiff has failed to set forth any basis

---

[3] The Court notes that Plaintiff attempts to state several additional claims against multiple other parties, none of whom are defendants in this case. For instance, Plaintiff accuses Rick Scott and Brenda Wade of identity theft and fraud (Doc. 3, p. 3-4); an Ocala police officer of racism, harassment, and planting counterfeit money and marijuana on his fiancée during an illegal search (Doc. 3, p. 5); and a car dealer of stealing his SunTrust and Visa debit cards (Doc. 3, p. 5). Plaintiff also requests improved sanitary conditions for his brother, an inmate in Marion County Jail (Doc. 3, p. 2). The Court, however, only addresses the claims against Defendant Robert Nimler.

[4] The Court notes that Plaintiff never specifically requests relief under 18 U.S.C. § 1028 or any other federal statute. For the purposes of addressing Plaintiff's identity theft claim, however, the Court analyzes Plaintiff's claim under 18 U.S.C. § 1028.

establishing that Congress intended a private right of action under this statute. *See Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (stating that the party seeking to imply a private right of action bears the burden to show that Congress intended to make one available). Therefore, Plaintiff has not asserted a federal question triggering this Court's jurisdiction over this case.

To the extent Plaintiff attempts to state a fraud claim against Defendant, such a claim arises under Florida state law and does not create grounds for this Court's jurisdiction. Moreover, Plaintiff's complaint fails to even allege the essential elements of fraud[5] or meet the heightened pleading standard for fraud required under Federal Rule of Civil Procedure 9(b).[6] Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). When alleging fraud, Plaintiff merely lists the word fraud after identity theft; for example, Plaintiff accuses Defendant of an "identity theft/fraud scam," "all identity theft fraud," and "this identity theft/fraud inncedent [*sic*]." (Doc. 1, p. 4; Doc. 3, p. 6). As a result, Plaintiff fails to allege grounds for federal question jurisdiction.

Likewise, Plaintiff has failed to establish diversity of citizenship between himself and Defendant, as Plaintiff is a Florida citizen and Defendant, too, is apparently a citizen of Florida. Plaintiff never specifies Defendant's citizenship in the pleadings. Thus, the Court does not have diversity jurisdiction in this case.

---

[5] The essential elements of fraud are: (1) a false statement of fact: (2) known by the defendant to be fraudulent at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. *Abbate v. Nolan*, 228 So. 2d 433, 435 (Fla. Dist. Ct. App. 1969).

[6] Rule 9(b) may be satisfied if the complaint sets forth: (1) [P]recisely what statements were made in what documents or oral representations or what omissions were made; and (2) [T]he time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same; and (3) [T]he content of such statements and the manner in which they misled the plaintiff; and (4) [W]hat the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

In addition to failing to establish the Court's subject matter jurisdiction, Plaintiff's claim is deficient under Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires that a plaintiff file "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's rambling narrative does not contain a short plain statement of the claim as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner.

### III. Conclusion

Because Plaintiff has failed to allege a cognizable cause of action within the Court's limited jurisdiction, it is **recommended** that the motion (Doc. 2) be **denied** and the complaint (Doc. 1) be **dismissed.**

Recommended in Ocala, Florida on September 12, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy